John W. Yeatts and Amos W. Troth, trading as Yeatts & Troth, Appellants, v. William J. Doyle and James G. Doak, trading as Doyle & Doak, and the Real Estate, Company of Philadelphia.

*Equity—Injunction—Interference with alley.*

On a bill for an injunction to restrain defendants from interfering with plaintiffs' use of an alley, in the rear of the premises occupied by them under a lease, it appeared that plaintiffs by their lease had " the privilege of a passageway in the rear leading into " a street. After the date of the lease defendant acquired title to the lot occupied by plaintiffs, and also to the adjoining lot, for the purpose of erecting thereon a large office building. Before work was begun, defendants wrote plaintiffs' attorney that during the progress of the work the alleyway would be preserved intact, and a clear passage through it afforded to plaintiffs. To this the attorney replied that his clients were pleased to receive the information and would rely upon defendants' assurance that they were to have the unobstructed use of the alley. While the alley was necessarily changed in appearance above and underneath, during the progress of the work, it was not obstructed, but was maintained at its full width, and in a condition for plaintiffs' constant use. *Held*, that the court committed no error in refusing an injunction.

Argued Jan. 17, 1899. Appeal, No. 88, Jan. T., 1898, by plaintiffs, from decree of C. P. No. 1, Phila. Co., Dec. T., 1897, No. 1127, dismissing bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an injunction. Before BRÉGY, J.

All the facts necessary for a proper understanding of the case appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*Theodore F. Jenkins*, for appellants.—The fact that the plaintiffs were only tenants for years while the Real Estate Trust Company owned in fee gives the latter no greater rights than the former during the term: Newhoff v. Mayo, 48 N. J. Eq. 619; Jones on Easements, sec. 225.

Where an owner of one of two properties abutting on an

alley erected a gate and built over the half of the alley adjoin-
ing his property, it was held that such act was an invasion of
the rights of the other: Ellis v. Academy of Music, 120 Pa.
608; McKee v. Perchment, 69 Pa. 342.

The defendant company having become the landlord of the
plaintiffs, owed them, as such, the duty of not interfering with
their rights: McClurg v. Price, 59 Pa. 420.

The plaintiffs were entitled to an injunction to protect their
rights: Ferguson's App., 117 Pa. 426 ; Yeaton's App., 105 Pa.
125; Appeal of St. Andrew's Church, 67 Pa. 518; Muzzarelli
v. Hulshizer, 163 Pa. 643 ; Landell v. Hamilton, 175 Pa. 327;
Allen v. Hamilton, 175 Pa. 339; Meigs v. Milligan, 177 Pa. 66;
Clark v. Martin, 49 Pa. 289; Ehret v. Gunn, 166 Pa. 384.

*Joseph De F. Junkin*, with him *John C. Bell*, for appellees.—
While not directly involved in the case, this exact question
has been considered and fully passed upon by this Court in the
case cited by appellants: Academy of Music v. Ellis, 120 Pa.
608.   The case of Hobson v. Phila., 150 Pa. 595, cited by appel-
lants is not applicable.

The general subject of easements has been before this Court
and other courts in many cases, especially easements of right
of way.   The last reported decision is that of Kohler v. Smith,
39 W. N. C. 359.   See also, Hartman v. Fick, 167 Pa. 18, Con-
nery v. Brooke, 73 Pa. 80, Stevenson v. Stewart, 7 Phila. 293,
and Patterson v. Phila. & Reading R. R. Co., 26 W. N. C. 327.

In New York it is held that the right of passage over land is
not violated by building over the passage, leaving a space high
enough for the uses specified: Hollins v. Demorest, 129 N.·Y.
676; Grafton v. Moir, 130 N. Y. 465; Tyler v. Cooper, 47
Hun, 94; Frank v. Benesch, 74 Md. 58; Knabe v. Levelle, 23
N. Y. Supp. 818.

OPINION BY MR. JUSTICE DEAN, February 27, 1899:

This is a bill for an injunction to restrain defendants from
digging away an alley, and interfering with plaintiffs in the
free use of the same.   The facts are very fully found by the
court below.   The complainants, under a lease for a term expir-
ing March 10, 1899, are in the occupancy of premises 1344
Chestnut street, with the privilege of a four feet alley west-

ward to Broad street; the defendant, the Real Estate Trust Company, became the lessee for fifty years of 1348 Chestnut street, cornering on Broad and extending along Broad southward to a four feet alley leading westward to Broad from the premises 1344 occupied by plaintiffs. The trust company, also, about the same time, became the owner of lot 109, South Broad street, bounded on the north by the same alley; it thus became the lessee and owner of the entire frontage at that point on Broad street embracing the alley, but subject of course to plaintiffs' right to use of same. This right is described in plaintiffs' lease as "the privilege of the passageway in the rear leading into Broad street." In addition to the frontage on Broad street, embracing the exit from the four feet alley, the trust company, on February 1, 1897, acquired by proper conveyance the fee simple of premises 1344 occupied by plaintiffs, who afterwards attorned to and paid rent to the company. All these purchases were made by the trust company, with a view to the erection of a large and costly building on that corner covering the entire front of its ownership on Broad street. In its plans and specifications for building, and its contract with Doyle & Doak, the builders, the company recognized the privilege of plaintiffs during their term in the passageway or four feet alley, and exacted from the builders a stipulation, as follows:

"The general contractors agree to use, provide, and make all proper, necessary, and sufficient arrangements, construction, and provision for keeping open for free, safe, and uninterrupted use of same by the tenants of 1344 Chestnut street, the alley leading from Broad street to the last mentioned property. They will maintain the floor of this alley at all times, and will provide the necessary roof to the same; they will at no time allow free access to, from, and through this alley by such tenants to be interfered with in any manner whatever. And the general contractors further agree that they will so conduct the general construction of this building, in other particulars, outside of the question of this alley, as not in any manner to interfere with or violate any of the legal rights or privileges of the said tenants of said property, No. 1344 Chestnut Street."

The court below has found as a fact, that during the progress of the building, the alley was maintained at its full width, and

although necessarily changed in appearance, above and under-
neath, by the character of the structure built over, under, and
around it, yet that nothing was done which in any way re-
stricted plaintiffs' privilege or right as theretofore enjoyed by
them. And further, as a conclusion of law from the written
documents in evidence, the court held, plaintiffs had but an
easement of right of passageway from 1344 to Broad street,
and as no act had been committed in derogation of this right,
their bill for the injunction was dismissed. Plaintiffs now ap-
peal.

The main contention of appellants, is, an allegation of error
in the conclusions of law, as to the relative legal rights of the
parties under the writings exhibited in evidence. It is argued
from these, that the right to the alley was common to both
parties, so that neither, without the assent of the other, had
the right to alter the character of the alley in any particular,
or in any way or manner to obstruct the same, even tempora-
rily for the purpose of building. Ellis v. Academy of Music,
120 Pa. 608, and many other authorities, are cited in support
of this contention. We think, in view of the undisputed facts,
a discussion of the technical legal rights of the parties is wholly
unnecessary. Plaintiffs had a right of passage in the four feet
alley, let the legal definition and scope of the right be what
they may; defendants conceded this right; but almost three
months before they struck a pick, this correspondence took
place between Judge Jenkins, attorney for plaintiffs, and Mr.
Hipple, president of the trust company:

"Nov. 16th 1897.

"Hon. Theodore F. Jenkins,

"My Dear Sir: As to the alley-way leading into Broad
street, of which Yeatts & Troth have the privilege, we pro-
pose to preserve the same intact, and so arrange our building
that they shall have a clear passage way of 4 feet in width, and,
say, 15 feet in height. This we can enclose on both sides and
on top, if they so prefer. For the uses of their business, I
presume this will be the equivalent of their present alley way,
and they will not be disturbed in their use of it in any particu-
lar whatever.

"It is our intention to erect the building upon the Freeman

lot or property, and complete that, so that we can move our own office into that building before we demolish 1340 and 1342 for the completion of the building on the whole lot, so that our plans will not interfere in any way with the continued occupation of No. 1344 Chestnut street by your clients during the remainder of their lease.

" I can only repeat to you, that it is our desire to proceed with the improvement of the corner property in such a way as to interfere the least with the comfort or the business of your clients.

" Very truly yours,

" F. H. HIPPLE,

" President."

To this, on the same day, Judge Jenkins replied thus :

" Nov. 16th. 1897.

" Dear Sir : Yours of this inst. is received and I have made known its contents to Messrs. Yeatts & Troth, who have requested me to reply that they are pleased to receive the information and will rely upon your assurance that they are to have the unobstructed use of the alley appurtenant to their premises.

" Very respectfully,

" THEODORE F. JENKINS."

Then, on February 7, 1898, the contract, carefully stipulating for the preservation of the alley, was made with the builders ; and the court below has found as a fact, that this contract was observed, and plaintiffs were not obstructed in the use of it ; as their term ends in less than a month, it is highly improbable they ever will be interfered with. Where in view of the facts, especially of this plainly implied assent, which could not but have mislead defendants, is the equity which demands interposition by injunction? We think the " longest footed " chancellor who ever issued a writ, would be puzzled to find, in this case, a grievance sufficient to move him to enjoin.

The decree of the court below is affirmed, and the appeal is dismissed at costs of appellants.